UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| KUMAR, PRATHIBHA D | ) | Case No. 05-56759-SQU |
| | ) | |
| | ) | Hon. JOHN H. SQUIRES |

## APPLICATION OF TRUSTEE'S COUNSEL OR OTHER PROFESSIONALS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

TO:   HONORABLE JOHN H. SQUIRES
      BANKRUPTCY JUDGE

GINA B. KROL, counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this application for compensation and reimbursement of expenses and represents to the Court as follows:

1.   An order for relief under Chapter 7 was entered on October 15, 2005.  On April 28, 2006, an order was entered approving the employment of Counsel for the Trustee.  Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

2.   Applicant requests $4,672.75, in compensation for 13.35 hours of services performed for the period April 25, 2006 through present and reimbursement of actual expenses in the amount of $34.04.

3.   A description of the nature of the services rendered by the Applicant is as follows:

OBJECTION TO CLAIM

The Trustee identified a claim filed by a secured creditor which held collateral that was not liquidated by the Trustee.  Cohen & Krol objected to the claim and obtained an order deeming the claim disallowed with leave by the claimant to file an unsecured proof of claim. Cohen & Krol expended 1.75 hours in the activity of Objection to Claim.

OBJECTION TO DISCHARGE

The Trustee requested that her attorneys prepare and prosecute a revocation of the Debtor's discharge. This cause of action was based upon the information obtained by the Trustee that the Debtor had transferred her interest in real property to her daughter who then sold the

**EXHIBIT G**

property and retained the proceeds thereof. Cohen & Krol prepared and prosecuted the Trustee's Complaint to Revoke Discharge. The matter was initially settled providing for payments by the Debtor to make the Estate "whole". The Debtor defaulted on the agreed upon payments and her discharge was consequently revoked. Cohen & Krol expended 3.85 hours in the activity of Objection to Discharge.

PROFESSIONAL EMPLOYMENT

Cohen & Krol prepared and presented the Trustee's Application to employ themselves as attorneys for the Trustee. Cohen & Krol expended 1.40 hours in the activity of Professional Employment.

TURNOVER

When the Trustee first learned of the Debtor's transfer of real estate and subsequent sale of property, she directed Cohen & Krol to pursue a Motion for Turnover of the sales proceeds. The Court ultimately issued a Rule to Show Cause against the Debtor for her failure to turnover the proceeds. This motion was settled under the same terms and conditions as the adversary proceeding revoking the Debtor's discharge. Ultimately, the Trustee did collect approximately 90% of the settlement amount. Cohen & Krol expended 6.35 hours in the activity of Turnover.

4. Attached as Exhibit "A" is an itemized statement of the legal services rendered. The statement reflects the legal services rendered, the time expended and a description of the work performed.

5. The time expended and services rendered by Applicant is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| LINDA M. KUJACA/LMK2006 | 1.60 | 290.00 | 464.00 |
| GINA B. KROL/GBK2006 | 10.00 | 350.00 | 3,500.00 |
| GINA B. KROL/GBK2009 | 1.75 | 405.00 | 708.75 |

6. Attached as Exhibit "B" is an itemized statement of the actual expenses incurred by the Applicant.

7. Based on the nature, extent and value of services performed by the Applicant, the results achieved, and the costs of comparable services, the compensation and reimbursement of expenses sought are fair and reasonable.

**EXHIBIT G**

8. At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which Applicant was employed.

WHEREFORE, Applicant requests that it be awarded reasonable compensation of $4,672.75 and reimbursement of actual and necessary expenses of $34.04 for legal services rendered in this case.

RESPECTFULLY SUBMITTED,

Date: September 16, 2009      /s/ Gina B. Krol

GINA B. KROL
105 West Madison Street
Suite 1100
Chicago, IL  60602-0000

**EXHIBIT G**